UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS L. LYNCH,

        Plaintiff,

v.                                                     Case No. 08-CV-554

CANTEEN CORRECTIONS,
FLOWERS FOODS SPECIALTY GROUP,
FLOWERS BAKING COMPANY
and GEORGE E. DEESE,

        Defendants.

## ORDER

Plaintiff, Rufus Lynch, who is incarcerated at Columbia Correctional Institution, has lodged a *pro se* complaint alleging negligence by the defendants. Before the court now are two motions filed by the plaintiff.

First, the plaintiff filed a motion for an order directing the payment of filing fees and costs from the plaintiff's inmate release account. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for this action. *See* 28 U.S.C. § 1915(b)(1). The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). However, "given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the court does not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the PLRA." *Smith v. Huibregtse*, 151 F. Supp. 2d 1040 (E.D. Wis.

2001). The fact that the plaintiff wants to pay his filing fee out of his release account suggests that he does not have the $350.00 filing fee readily available. As such, the court will construe this motion as a request for leave to proceed without prepayment of fees and/or costs.

Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

In this case, however, the plaintiff has not filed a formal petition and affidavit to proceed without prepayment of fees and/or costs or certified copy of his prison trust account statement. Therefore, the court is unable to calculate his initial partial filing fee. The court will direct the plaintiff to file, on or before **January 16, 2009**, a petition and affidavit to proceed without prepayment of fees and/or costs, as well as a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. After the plaintiff files his petition and affidavit to proceed without prepayment of fees and/or costs and trust account statement, the court will assess an initial partial filing fee.

Enclosed with this order is a copy of form petition and affidavit to proceed without prepayment of fees and/or costs (with instructions). Failure to submit the petition and affidavit to proceed without prepayment of fees and/or costs or trust account statement on or before January 16, 2009 will result in the dismissal of this action. *See Newlin v. Helman*, 123 F.3d 429, 434-35 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Second, the plaintiff has filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. The plaintiff has submitted three letters he asserts he sent to attorneys asking them to represent him regarding this claim. Although the plaintiff has not submitted any responses from the attorneys declining to represent him, it is possible that he received no response. The plaintiff's submission minimally satisfies the threshold requirement.

Once the threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The plaintiff's complaint has not yet been screened; the presence of counsel will not impact the screening of the complaint the plaintiff has filed. It would

be premature for the court to appoint counsel at this stage in the litigation. As a result, the plaintiff's motion will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for order directing payment of filing fee and costs from inmate release account (Docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall, on or before **January 16, 2009**, submit a petition for leave to proceed *in forma pauperis* and a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Failure to submit the petition for leave to proceed *in forma pauperis* and trust account statement on or before January 16, 2009 will result in the dismissal of this action

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) is **DENIED WITHOUT PREJUDICE** as premature.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge