# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS L. LYNCH,

        Plaintiff,

v.                                                                                       Case No. 08-C-0554

CANTEEN CORRECTIONS,
FLOWERS FOODS SPECIALTY GROUP,
FLOWERS BAKING COMPANY and
GEORGE E. DEESE,

        Defendants.

## DECISION AND ORDER

        The plaintiff, Rufus Lynch, who is incarcerated at Columbia Correctional Institution (CCI), has lodged a *pro se* complaint alleging negligence by the defendants. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. Id. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits

to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $15.32 and a subsequent partial filing fee of $17.45. The court will grant plaintiff's motion for leave to proceed *in forma pauperis.*

Under the statute governing actions in which prisoners are proceeding *in forma pauperis*, the court must dismiss a case if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.* Williams, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v.* Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

The facts underlying plaintiff's sworn complaint[1] occurred while he was confined to the Wisconsin Resource Center (WRC). The plaintiff avers that he purchased ten Ms. Freshley's Grand Honey Buns from the WRC canteen on July 31, 2007. On August 6, 2007, the plaintiff affirms that he bit into one of the honey buns and discovered a "small, jagged shard of metal" embedded in the pastry. (Complaint at 3). As a result of biting into the metal, the plaintiff "started choking/coughing and spitting out the honey bun, holding his throat and bleeding from the mouth." *Id.* The plaintiff received medical attention and an incident report was completed. The plaintiff avers that he continues to have pain in his mouth and tongue, suffers mentally and emotionally from the incident, and "continues to feel scared to consume certain confectionaries, with the belief that he could die by eating them, which has caused the plaintiff stress." *Id.* at 4. The plaintiff asks for monetary damages and all other relief he may be entitled to by law.

The plaintiff has named four defendants in this action. He avers that the honey bun was made and distributed through Flowers Baking Co. and/or Flowers Foods Specialty Group (FFSG), and Deese is the president and CEO of FFSG. The plaintiff further affirms that Canteen Corrections does business with the State of Wisconsin as a vendor for the WRC.

---

[1] Originally, the court received an unsigned and undated copy of the plaintiff's complaint. Shortly thereafter, the plaintiff submitted the signed signature page, which includes an oath that transforms the plaintiff's complaint into an affidavit.

4

The plaintiff charges that all four named defendants were negligent in the making, processing, packaging, distribution and sales of confectionaries that were injurious to the plaintiff's health. He submits that this violated 21 U.S.C. § 342(d)(1), the Wisconsin Food and Drug Act, Wis. Stat. § 97.02, and Wis. Stat. §§ 893.54(1) and 893.47.

The plaintiff also charges that defendants FFSG, Canteen Corrections and Deese violated 21 U.S.C. § 342(d)(1), and Wis. Stat. §§ 97.02 and 895.045, by failing to assure that the confectionary food items they sold were non-adulterated foods safe for consumer consumption.

Finally, the plaintiff asserts that at all times relevant to his claims, he was a beneficiary of the contract that existed between Canteen Corrections and the WRC. He argues that the contract should be held null and void because Canteen Corrections violated the provisions of the contract.

The court finds that the plaintiff may proceed on his negligence, contributory negligence and contract claims against the four named defendants.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #9) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Canteen Corrections, Flowers Foods

5

Specialty Group, Flowers Baking Co., and George E. Deese. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $317.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

6

Case 2:08-cv-00554-JPS    Filed 04/06/09    Page 6 of 7    Document 11

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge