# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS L. LYNCH,

        Plaintiff,

v.                                             Case No. 08-CV-554

CANTEEN CORRECTIONS,
FLOWERS FOODS SPECIALTY GROUP,
FLOWERS BAKING COMPANY,
and GEORGE E. DEESE,

        Defendants.

## ORDER

The plaintiff, Rufus Lynch, a Wisconsin state prisoner, lodged a complaint against the four named defendants. In a decision and order dated April 6, 2009, the court allowed the plaintiff to proceed on his negligence, contributory negligence and contract claims against the defendants. Before the court now are a number of motions filed by the parties, including four motions to dismiss and a motion for summary judgment filed by the defendants and four motions by the plaintiff for leave to amend his complaint.

## PROCEDURAL BACKGROUND

On August 7, 2009, defendants Flowers Foods Specialty Group, Flowers Baking Company, and George E. Deese (hereinafter "Flowers defendants"), filed a motion to dismiss asking the court to dismiss defendants Flowers Baking Company and George E. Deese because they were improperly named as parties in this case. The Flowers defendants rely on Federal Rule of Civil Procedure 21, Misjoinder and

Nonjoinder of Parties. They represent that the honey buns at issue in this case were manufactured by Flowers Bakery of London, LLC, a subsidiary corporation of Flowers Foods, Inc., and distributed by Flowers Foods Specialty Group, LLC, another subsidiary corporation of Flowers Foods, Inc. Moreover, the Flowers defendants submit that George E. Deese is the Chairman of the Board, Chief Executive Officer, and President of Flowers Foods, Inc., the parent corporation of Flowers Foods Specialty Group, LLC, and Flowers Bakery of London, LLC.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must focus on the pleadings of the parties. If "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because the defendants rely on evidence outside the pleadings, namely the affidavit of Valerie R. Jonas, the court cannot grant this motion to dismiss under Rule 12(b)(6).

Additionally, the defendants' motion cannot be converted to a motion for summary judgment under Rule 56(c) because it does not comply with the Civil L.R. 56.1 and 56.2 (E.D. Wis.). The motion was not accompanied by a stipulation of facts or a proposed findings of fact. *See* Civil L.R. 56.2(a). Nor was the text of the applicable Federal Rule of Civil Procedure and Civil Local Rules part of the motion. *See* Civil L.R. 56.1(a)(2). This motion will be denied.

In response, the plaintiff filed a motion to amend his complaint, along with a proposed amended complaint. He sought to add Flowers Foods, Inc., and Flowers Bakery of London as defendants to this action, and to dismiss defendant Flowers Baking Company.

On September 14, 2009, the Flowers defendants filed another motion to dismiss, in which they ask the court to dismiss George E. Deese as a defendant because the plaintiff failed to state a claim that Mr. Deese acted in his individual capacity, rather than as an agent of the corporate defendants. This motion to dismiss was based on the plaintiff's proposed amended complaint. Once again, the Flowers defendants rely on evidence outside the pleadings, but fail to comply with the rules applicable to motions for summary judgment in cases with *pro se* litigants. Accordingly, this motion will also be denied.

On October 28, 2009, the plaintiff filed a motion to file a second amended complaint or to correct error in caption of complaint. In that motion, the plaintiff asks the court to allow him to amend his proposed amended complaint to include "Flowers Foods Inc." in the caption. He indicates that the omission was a typographical error. The plaintiff also notes that defendant Canteen Corrections had filed a certificate of interest and motion for extension of time to file an answer. The plaintiff asks the court to amend the caption and/or to allow the plaintiff thirty days after an answer is filed by defendant Canteen Corrections to file a second amended complaint.

3

On November 30, 2009, defendant Canteen Corrections filed a motion to dismiss or, in the alternative, motion for summary judgment. The motion was filed by Compass Group USA, Inc. d/b/a Canteen Correctional Services, which was incorrectly identified as Canteen Corrections in the plaintiff's complaint (this party hereafter will be referred to as "Canteen"). This motion includes evidence outside the pleadings, but it contains the proper notice required by Civil L.R. 56.1 (E.D. Wis.). Canteen argues that it is entitled to summary judgment because: (1) the plaintiff failed to exhaust his administrative remedies; (2) the plaintiff's requests for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e); (3) the plaintiff lacks standing to sustain statutory causes of action; (4) Canteen did not breach any duty allegedly owed to the plaintiff; (5) even if Canteen breached a duty to the plaintiff, such breach was not a "substantial factor" in any alleged injury plaintiff suffered; (6) plaintiff's action for "contributory negligence" is a defense to negligence, not a cause of action in and of itself; and (7) the plaintiff is not a third-party beneficiary to the contract previously entered into between Canteen and the Wisconsin Department of Corrections.

On December 2, 2009, the Flowers defendants filed an amended motion to dismiss defendant George E. Deese for failure to state a claim upon which relief may be granted. With this motion, the Flowers defendants provided the notice required under Civil L.R. 56.1.

4

On December 21, 2009, the Flowers defendants filed a motion for summary judgment, in part adopting the brief and arguments advanced by Canteen. This motion also included the proper notice to the plaintiff.

On December 22, 2009, the plaintiff filed an amended motion for leave to amend complaint, and a motion to dismiss Flowers Baking Co, along with a proposed amended complaint. The plaintiff asserts that the amended complaint cures all errors or deficiencies raised in the defendants' motion to dismiss and, as such, the motion to dismiss is rendered moot.

On the same date, the plaintiff filed a motion to stay defendants' summary judgment motion and allow plaintiff to complete discovery.

On January 19, 2010, the plaintiff re-filed his amended motion for leave to amend complaint, along with a proposed amended complaint, a declaration, and a motion to stay defendants' summary judgment motion and allow plaintiff time to complete discovery. These documents are identical to those filed on December 22, 2009. The plaintiff may have intended for these motions to refer to the motion for summary judgment filed by the Flowers defendants, while the December 22 documents were in response to Canteen's dispositive motion. However, there was no need for the duplication. Thus, the court will grant Canteen's motion to strike the pleadings filed at Docket Nos. 57, 58, 59, and 60.

5

## DISCUSSION

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* at 182.

The plaintiff has not had the opportunity to investigate his claims, take discovery, make out his case, or prepare to respond to dispositive motions. Rather, since the defendants appeared in this case, the plaintiff has been involved in sorting out corporate entities and attempting to conform his pleadings to the evidence. The court will not deprive the plaintiff of his right to conduct discovery regarding his claims against the defendants. Without the ability to conduct discovery, the plaintiff will be unable to meaningfully respond to dispositive motions.

The court will now consider the plaintiff's three motions to amend his complaint. Because each of the plaintiff's motions to amend reacted to new information provided by the defendants, each subsequent motion to amend rendered moot the earlier motions. The court will deny as moot the plaintiff's motions to amend dated August 27, 2009, and October 28, 2009, and the court will grant the plaintiff's December 22, 2009, motion for leave to amend and will screen the

6

attached proposed amended complaint below. The Clerk of Court shall docket the proposed amended complaint attached to the plaintiff's December 22, 2009 motion for leave to amend as the "Amended Complaint."

The defendants shall file pleadings responsive to the plaintiff's Amended Complaint. Upon receipt of those pleadings, the court will issue a scheduling order in this case. Each of the named defendants has appeared in this case by counsel. Thus, the court will presume waiver of formal service and effect service of the Amended Complaint by the court's electronic transmission of this order. Each of the defendants named in the Amended Complaint shall file a responsive pleading to the plaintiff's amended complaint on or before **Monday, March 22, 2010**.

The plaintiff's Amended Complaint was filed after all of the defendants' dispositive motions. Accordingly, the court will deny without prejudice, with leave to refile, the dispositive motion filed by Canteen on November 30, 2009, as well as the motions filed by the Flowers defendants on December 2, 2009, and December 21, 2009. The denial of these motions will render moot the plaintiff's motion to stay defendants' summary judgment motions. When the time comes for the defendants to refile their motions for summary judgment, they may file only a new notice of motion and motion, and rely on the other summary judgment documents they have already filed. They will also be given an opportunity to supplement their submissions at that time.

7

## SCREENING OF AMENDED COMPLAINT

The court will now screen the plaintiff's Amended Complaint, relying on the legal standards set forth in the court's decision and order dated April 6, 2009. The plaintiff names the following defendants: Canteen Correctional Services, Compass Group USA Inc., Flowers Bakery of London, Flowers Food Specialty Group, Flowers Foods, Inc., and George E. Deese. Each of these defendants is identified as a resident of a state other than Wisconsin. Thus, this court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

According to the plaintiff's sworn complaint, on August 6, 2007, he bit into a Mrs. Freshley's Grand Honey Bun and found a "small, jagged shard of metal." (Amended Complaint at 3). The plaintiff had purchased the honey bun from the canteen at the Wisconsin Resource Center ("WRC").

The plaintiff asserts that he continues to have pain in his mouth and tongue from the injury sustained from the metal shard. He also continues to suffer mentally and emotionally from the incident.

The plaintiff avers that a contract was entered into by Canteen Correctional Services and the WRC concerning the provision of commissary items to inmates and patients at the WRC. He further avers that Compass Group USA is the "main chief company for Canteen Correctional Services." (Amended Complaint at 1).

The plaintiff also avers that Mrs. Freshley's Grand Honey Buns are made by Flowers Bakery of London, a subsidiary of Flowers Foods Inc., and that the honey

8

buns are distributed by Flowers Foods Specialty Group. The plaintiff seeks declaratory and injunctive relief, as well as actual, compensatory, punitive, and special damages.

The plaintiff contends that each of the named defendants was negligent with regard to its respective role in the making, packaging, distribution, and sale of the honey bun that injured the plaintiff. The plaintiff will be allowed to proceed on negligence claims against all of the named defendants.

The plaintiff also asserts that the defendants were comparatively negligent. Under Wisconsin law, comparative negligence is a defense to a negligence cause of action, not a cause of action itself. The plaintiff will not be allowed to proceed on this claim. Moreover, the plaintiff cites Wisconsin Statutes regarding contributory negligence, statute of limitations, and joint liability. *See* Wis. Stat. §§ 893.47, 893.54(1), and 895.045. None of these statutes creates a cause of action. Rather, they discuss variations, limitations and defenses to a plaintiff's common law negligence actions.

Finally, the plaintiff submits that he is a beneficiary of the contract between Canteen Correctional Services/Compass Group USA and the WRC. He maintains that these defendants violated that contract, making them liable to the plaintiff and rendering the contract null and void. The plaintiff will also be allowed to proceed on his contract claim against Canteen Correctional Services and Compass Group USA Inc.

9

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (Docket #21) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket #26) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Docket #32) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a second amended complaint (Docket #40) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's amended motion for leave to amend complaint and to dismiss Flowers Baking Co. (Docket #51) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket the proposed amended complaint attached to the plaintiff's December 22, 2009 motion for leave to amend as the "Amended Complaint" in this action.

**IT IS FURTHER ORDERED** that the following parties will be **DISMISSED** as parties to this action: Flowers Baking Co., and Canteen Corrections.

**IT IS FURTHER ORDERED** that the following defendants shall file a responsive pleading to the plaintiff's Amended Complaint on or before **Monday, March 22, 2010**: Canteen Correctional Services, Compass Group USA Inc.,

10

Case 2:08-cv-00554-JPS   Filed 02/25/10   Page 10 of 12   Document 62

Flowers Bakery of London, Flowers Food Specialty Group, Flowers Foods Inc., and George E. Deese.

**IT IS FURTHER ORDERED** that the motion to dismiss or, in the alternative, motion for summary judgment by Canteen Corrections (Docket #42) be and the same is hereby **DENIED without prejudice, with leave to refile**.

**IT IS FURTHER ORDERED** that the defendant's amended motion to dismiss party George E. Deese (Docket #46) be and the same is hereby **DENIED without prejudice, with leave to refile**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #48) be and the same is hereby **DENIED without prejudice, with leave to refile**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay defendants' summary judgment motion and allow plaintiff to complete discovery (Docket #52) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that defendant Canteen Correction's motion to strike (Docket #61) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's amended motion for leave to amend complaint and to dismiss Flowers Baking Co. (Docket #57) be and the same is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay defendants' summary judgment motion and allow plaintiff to complete discovery (Docket #60) be and the same is hereby **STRICKEN**.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge