UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS L. LYNCH,

    Plaintiff,

    v.                                                                 Case No. 08-C-0554

FLOWERS FOODS SPECIALTY GROUP,
GEORGE E. DEESE,
CANTEEN CORRECTIONAL SERVICES,
COMPASS GROUP USA INC.,
FLOWERS BAKERY OF LONDON, and
FLOWERS FOODS, INC.,

    Defendants.

## ORDER

The plaintiff, Rufus Lynch, a Wisconsin state prisoner, filed a complaint against the defendants. In a decision and order dated February 25, 2010, the court granted a motion to amend made by the plaintiff, screened the plaintiff's Amended Complaint, and directed the defendants to file a responsive pleading to the plaintiff's Amended Complaint.[1] On March 22, 2010, defendant Compass Group USA, Inc. d/b/a Canteen Correctional Services ("Canteen") filed a motion to dismiss or, in the alternative, motion for summary judgment. The plaintiff then filed a motion to stay the defendant's motion to allow the plaintiff time to complete discovery, which is now before the court.

---

[1] In that order, the court also resolved a number of other motions, including four motions to dismiss and a motion for summary judgment filed by the defendants.

In its motion, Canteen argues that the court should dismiss the plaintiff's claims or enter summary judgment in Canteen's favor for a number of reasons. Canteen contends that the plaintiff failed to plead exhaustion of his administrative remedies and that he seeks damages not allowed by 42 U.S.C. § 1997e(e). Canteen also argues that: (1) it did not owe a duty to protect the plaintiff from the kind of harm alleged; (2) it did not breach any supposed duty allegedly owed to the plaintiff; (3) its conduct was not a substantial factor in any alleged injury suffered by the plaintiff; and (4) the plaintiff is not a third party beneficiary of Canteen's contract with the Wisconsin Department of Corrections.

The plaintiff relies on Federal Rule of Civil Procedure 56(f) and asks the court to stay Compass' motion to allow the plaintiff time to complete discovery, in order to respond to the defendant's motions. Rule 56(f)(2) provides that when a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."

One of the court's reasons for granting the plaintiff's motion to amend and denying the defendants' dispositive motions was that the plaintiff had not had the opportunity to investigate his claims, take discovery, make out his case, or prepare to respond to dispositive motions. Further, the court noted that, without the ability

2

to conduct discovery, the plaintiff will be unable to meaningfully respond to dispositive motions. Canteen was premature in filing their motion to dismiss.

Accordingly,

**IT IS ORDERED** that defendant Compass Group USA, Inc.'s motion to dismiss or, in the alternative, motion for summary judgment be and the same is hereby **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that defendant Compass Group USA, Inc., shall file an answer to the plaintiff's Amended Complaint on or before **Friday, May 14, 2010**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay defendant's motion to dismiss or in the alternative for summary judgment to allow plaintiff time to complete discovery (Docket #68) be and the same is hereby **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge