# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS L. LYNCH,

        Plaintiff,

v.                                       Case No. 08-CV-554

FLOWERS FOODS SPECIALTY GROUP,
GEORGE E. DEESE,
CANTEEN CORRECTIONAL SERVICES,
COMPASS GROUP USA INC.,
FLOWERS BAKERY OF LONDON, and
FLOWERS FOODS, INC.,

        Defendants.

# ORDER

The plaintiff, Rufus Lynch, a Wisconsin state prisoner, is proceeding *pro se* on claims against the defendants. This matter is now before the court on the following motions: (1) plaintiff's motion for extension of time and/or continuance to complete discovery, and to file motion to compel, and to obtain affidavits from witnesses; (2) plaintiff's motion to compel and for *in camera* review; (3) plaintiff's motion for extension of time and renewed motion to appoint counsel;[1] (4) defendant Compass Group USA, Inc.'s motion to compel and for sanctions; (5) plaintiff's motion for extension of time to file response to defendants' motion for summary judgment; and (6) the defendants' motion for extension of time to respond. A number of the

---

[1] The court received the plaintiff's motion for extension of time and renewed motion to appoint counsel twice. It was docketed both on October 5, 2010, at Docket #106, and on October 8, 2010, at Docket #108. It appears that the first document was the original, and the second was a copy. Thus, the court will deny Docket #108 because it is duplicative and address Docket #106 below.

parties also have filed motions for summary judgment, which will be addressed in a separate order.

On August 12, 2010, the plaintiff filed a motion for extension of time and/or continuance to complete discovery, and to file motion to compel, and to obtain affidavits from witnesses pursuant to Rule 56(f), Fed.R.Civ.P. (Docket #79). Based on the plaintiff's motion and his declaration in support of the motion, the court understands the plaintiff to be seeking: (1) an extension of time beyond the discovery deadline to file a motion to compel; and (2) a continuance under Rule 56(f) to allow the plaintiff time to obtain affidavits and respond to the defendants' motions for summary judgment.

Apparently the plaintiff was dissatisfied with the defendants' responses to his discovery requests and sent a letter on August 1, 2010, attempting to resolve the discovery disputes before filing a motion to compel. Nevertheless, the plaintiff was able to submit a motion to compel prior to the discovery deadline of August 24, 2010, rendering this portion of his motion moot.

With regard to the plaintiff's request for a continuance so that he could obtain affidavits necessary to respond to the defendants' motions for summary judgment, the plaintiff's motion is premature. The defendants did not even file their motions for summary judgment until September 23 and 24, 2010, over a month after the plaintiff filed this motion. Even if the plaintiff had waited to file this motion until the defendants' motions were in the record, he does not specify the reasons why he

would be unable to present facts essential to justify his opposition without additional time. *See* Fed. R. Civ. P. 56(f).

On August 25, 2010, the court received and filed plaintiff's motion to compel and for *in camera* review. (Docket #88). The plaintiff challenges the asserted privilege in a number of the defendants' discovery responses and asks the court to conduct an *in camera* review of the documents to determine whether they are privileged. The plaintiff also argues that a number of the defendants' responses to his interrogatories should be answered and/or supplemented because they were evasive and incomplete.

The plaintiff's motion and his declaration in support of the motion include the required representation that the plaintiff attempted to confer with counsel for the defendants in an effort to resolve the discovery disputes without court action. He sent them a letter on August 1, 2010, setting forth his issues with the defendants' discovery responses. Although the defendants challenge the sufficiency of a letter as an attempt to meet and confer, and argue that they did not have time to respond to it before the plaintiff filed his motion, the court recognizes the limitations on a prisoner and considers the plaintiff's August 1, 2010, letter sufficient to satisfy the requirements of Federal Rule of Civil Procedure 37 and Civil Local Rule 37 (E.D. Wis.). However, the letter satisfies the requirements only as to the issues raised in the letter. It appears that the plaintiff's motion contains additional issues, about which he did not attempt to meet and confer. Those additional issues will not be addressed.

With regard to defendant Flowers Bakery of London, LLC, the plaintiff is limited to his challenge of its responses to document requests 3, 6 and 8 in the plaintiff's second request for production of documents. The information sought by the plaintiff in document requests 3 and 6 was previously provided in response to document requests 7, 4, and 14 in the plaintiff's first requests for production. Turning to request number 8, the plaintiff does not elaborate his need for the information sought, and the court is satisfied with the defendant's response.

With regard to defendant Compass Group USA, Inc. d/b/a Canteen Correctional Services ("Compass"), the intersection of the plaintiff's August 1, 2010 letter and his subsequent motion to compel is only three document requests. First, the plaintiff objects to Compass' response to request 1, which sought corporate organizational charts. Compass objected on a number of grounds and implied that any responsive documents would be in the possession, custody or control of third parties over whom it does not exercise authority or control. The plaintiff makes no argument regarding why he is entitled to this information or why Compass' objections are inappropriate. Second, the plaintiff objects to the documents provided in response to request 8 in his first request for production, which sought all contracts between Compass and the Wisconsin Resource Center. The plaintiff insists that there must be an "actual contract," even though Compass produced its proposal for services and a State of Wisconsin signed purchase order that accepted the proposal for services and became the contract that governed the relationship. The court is satisfied with Compass' assertion that there is no other contract between the parties.

Third, the plaintiff challenges Compass' response to his request for production of documents that relate to any metal or foreign objects found in Mrs. Freshley's Grand Honey Buns from 2000 to 2009. In his letter, the plaintiff offered to modify the request to "Produce Documents on Whether any metal or foreign objects [sic] been found in products sold by Canteen Correctional Services/Compass Group USA whether reported by inmate consumer or employees." The plaintiff identifies this as request 8, and Compass indicates that it is document request number 8 from the plaintiff's Second Request for Production of Documents. However, the record does not contain the full request and answer. Nor does either party make arguments specific to this request. Accordingly, the court has no basis to compel Compass to produce additional information.

On October 5, 2010, the plaintiff filed a motion for an extension of time and renewed motion for appointment of counsel. (Docket #106). He asks for an additional 30 days to reply to the defendants' motions for summary judgment and an additional 60 days to file his own motion for summary judgment. This portion of the motion is rendered moot by the plaintiff's subsequent motion for extension and will be denied as moot.

In this motion, the plaintiff also renews his June 28, 2010 request for appointment of counsel. He relies on the same grounds and incorporates that motion into his current pleading to avoid redundancy. The court denied the plaintiff's June 28, 2010 motion in an Order dated July 12, 2010. The court conducted the inquiry required by *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), and

concluded that the plaintiff appeared competent to try this case himself. The plaintiff has presented nothing to change that conclusion. If anything, he has filed even more detailed documents that evidence his ability to litigate this matter himself. The plaintiff's renewed motion for appointment of counsel will be denied without prejudice.

On October 7, 2010, Compass filed a motion to compel and for sanctions. (Docket #107). Compass contends that the plaintiff did not respond to discovery requests served on July 23, 2010, despite its attempts to confer and its provision of a courtesy copy of the requests to the plaintiff after his deadline to respond had already passed. The court is troubled by the timing of this motion. It was filed over six weeks after the discovery deadline, two weeks after the dispositive motion deadline, and Compass had already filed its motion for summary judgment on September 24, 2010. In any event, the plaintiff responded to the discovery requests on November 1, 2010, and the responses were filed with the court on November 24, 2010, at Docket #112. This motion will be denied.

The plaintiff filed a motion requesting an extension of time to file a response to the defendants' motions for summary judgment on November 15, 2010. (Docket #110). He asked the court to grant the plaintiff a final deadline of January 7, 2011, for filing his response, and he filed his response prior to that date. The court will grant this motion and consider the plaintiff's response timely.

After the plaintiff filed his response, Compass filed a motion for an extension of time to respond, which was joined by the remaining defendants. (Docket #120).

This motion sets forth some substantive arguments regarding the plaintiff's claims, but also asks that the defendants be allowed until February 9, 2011, to submit their reply briefs regarding their motion for summary judgment, as well as their responses to the plaintiff's motion for partial summary judgment. All of the defendants filed their reply and response materials on or before February 9, 2011. This motion will be granted, and the defendants' materials will be deemed timely. The parties' dispositive motions will be addressed in a separate decision and order.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for extension of time to complete discovery (Docket #79) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to file motion to compel and to obtain affidavits from witnesses (Docket #79) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel and for in camera review (Docket #88) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #106) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's renewed motion to appoint counsel (Docket #106) be and the same is hereby **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that defendant Compass Group USA Inc.'s motion to compel and for sanctions (Docket #107) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #108) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's renewed motion to appoint counsel (Docket #108) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file response to defendants' motion for summary judgment (Docket #110) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Compass Group USA, Inc.'s motion for extension of time to respond (Docket #120) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge